# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION FOR THE
GALLUP-MCKINLEY COUNTY SCHOOLS,

        Plaintiff,

v.                                          No.

HENRY HENDERSON, ELEANOR SHIRLEY
FORMER MEMBERS OF THE NAVAJO
NATION SUPREME COURT, RICHIE NEZ,
CASEY WATCHMAN, BEN SMITH,
BLAINE WILSON, FORMER MEMBERS OF
THE NAVAJO NATION LABOR COMMISSION,
EUGENE KIRK, REYNOLD R. LEE,
FORMER MEMBERS OF THE OFFICE OF
NAVAJO LABOR RELATIONS, AND
JOHN AND JANE DOES.

        Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Board of Education for the Gallup-McKinley County Schools, by and through its undersigned counsel, and for its Complaint for Declaratory and Injunctive Relief states and alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for declaratory judgment and injunctive relief involving an employment matter between Plaintiff and its former employee Henry Henderson ("Henderson"). To the extent the Navajo Nation Supreme Court (the "NNSC"), by and through Defendants Eleanor Shirley and former members of the NNSC, the Navajo Nation Labor Commission (the

"NNLC"), by and through Defendants Richie Nez, Casey Watchman, Ben Smith, Blaine Wilson and former members of the NNLC, the Office of Navajo Labor Relations (the "ONLR"), by and through Defendants Eugene Kirk, Reynold R. Lee and former members of ONLR, or any of the agencies or courts of the Navajo Nation, by and through Defendants John and/or Jane Does, purporting to have authority to assert jurisdiction and control over Plaintiff's governmental functions as to employment and related to its internal personnel matters, Plaintiff seeks (a) a declaratory judgment declaring that Defendants, lack jurisdiction over a New Mexico public school district's employment decisions and practices conducted on the Navajo Reservation when such public school districts are fulfilling their state responsibilities, duties and functions to provide a public education for all children of the State of New Mexico and (b) injunctive relief to bar further prosecution of any such matters before the agencies or courts of the Navajo Nation because of lack of jurisdiction.

2.       The case before the NNSC over which the Navajo Nation asserts authority and jurisdiction over Plaintiff is titled *Henry Henderson vs. Gallup McKinley County Schools*, NNSC No. SC-CV-38-11.

3.       Plaintiff has exhausted its tribal remedies having obtained a ruling on jurisdiction from the NNSC, which held that the Navajo Nation has personal jurisdiction over Plaintiff and subject matter jurisdiction over state employment matters involving Henderson.  *See Henry Henderson vs. Gallup McKinley County Schools*, NNSC No. SC-CV-38-11 (Nav. S. Ct. May 13, 2015) at **Exhibit 10**.

4.       The Final Judgment in *Henry Henderson vs. Gallup McKinley County Schools*, NNSC No. SC-CV-38-11 was entered by the Supreme Court of the Navajo Nation on June 15, 2015.  *See* Notice of Judgment at **Exhibit 11**.

## PARTIES

5.      Plaintiff is a political subdivision of the State of New Mexico organized for the purpose of operating and maintaining an educational program for the school age children residing within its boundaries.  *See* N.M. Stat. Ann. § 22-1-2(R) (2003); N.M. Stat. Ann. § 22-5-4 (2003).  As part of New Mexico's constitutional mandate to provide a public education for all New Mexico citizens,, Plaintiff operates within the boundaries of the Navajo Nation.  *See* N.M. Stat. Ann. § 22-1-4(A) (2003); *see also San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 35 (1973).  Plaintiff's central administrative offices are located in Gallup, New Mexico.

6.      Henderson is a member of the Navajo Nation and a former employee of Plaintiff.

7.      Defendant NNSC consists of "the Chief Justice of the Navajo Nation and two Associate Justices of the Supreme Court."  7 N.N.C. § 302.  The NNSC is "the Court of last resort" on the Navajo Nation.  *Id.*  As of the date of the filing of this Complaint, Associate Justice Eleanor Shirley is the only member currently serving on the NNSC.  The NNSC is located on the Navajo Nation in Window Rock, Arizona.

8.      Defendant NNLC was established originally by CJA-4-72.  It is to "act as the administrative hearing body under the [Navajo Preference in Employment Act]", and to "conduct and hold administrative hearings in accordance with Navajo Nation laws concerning Navajo employment preference".  15 N.N.C. § 302.  Upon information and belief, the members of the NNLC are Richie Nez, Casey Watchman, Ben Smith, and Blaine Wilson.  The NNLC is located on the Navajo Nation in Window Rock, Arizona.

9.      Defendant ONLR is a department within the Division of Human Resources of the Navajo Nation originally established by CJA-4-72.  *See* 15 N.N.C. § 201.  The purposes of the

ONLR include to "monitor and enforce the Navajo Preference in Employment Act [("NPEA")]", "to act as an administrative agency for matters relating to the enforcement of employment preference in hiring, recruitment, promotion, layoff, termination, transfer and other areas of employment", and "to gather information from employers, employees, labor organizations, and governmental agencies relating to employment, compensation, and working conditions".   15 N.N.C. § 202.   Reynold R. Lee is the Program Manager of the ONLR and Eugene Kirk is the Labor Compliance Officer of the ONLR. The ONLR is located on the Navajo Nation in Window Rock, Arizona.

### JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845 (1985), and under 28 U.S.C. § 2201 because it involves an actual controversy.   This Court reviews the NNSC's determination of its and the NNLC's jurisdiction as a matter of federal law.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the substantial and relevant events giving rise to the claim in the assertion of jurisdiction, authority and of control over a New Mexico public school district occurred in this District.   Moreover, in doing so, the Defendants are subject to personal jurisdiction in this District.

### FACTUAL BACKGROUND

12.     Henderson was employed by Plaintiff as the Principal of Navajo Pine High School from July 1, 2008 to June 30, 2009, pursuant to an administrator contract signed by Henderson and Plaintiff's Superintendent of Schools ("Superintendent").   A copy of the contract is attached as **Exhibit 1**.

13.     Under New Mexico law, Plaintiff is only authorized to issue contracts to public school administrators, like Henderson, pursuant to Plaintiff's personnel policies that are consistent with state law.  *See Swinney v. Deming Bd. of Educ.*, 117 N.M. 492, 494, 873 P.2d 238, 240 (N.M. 1994).

14.     Under New Mexico law, public school administrators have no tenure rights, N.M. Stat. Ann. § 22-10A-21(E) (2003), and are not afforded the procedural due process rights and other rights afforded to other public school employees by other provisions of New Mexico law, N.M. Stat. Ann. §§22-10A-22 through 22-10A-25 (2003).  *See* N.M. Stat. Ann. § 22-10A-26(B) (2003); *see also Naranjo v. Board of Educ. of Espanola Public Schools*, 119 N.M. 401, 403, 891 P.2d 542, 544 (N.M. 1995).

15.     Further, public school administrators have no expectation of continued employment.  *Swinney*, 117 N.M. 492 N.M. at 494; *Cole v. Ruidoso Mun. Sch.*, 947 F.2d 238 (N.M. 1994) (the statutory scheme does not grant procedural due process protection to administrators at the expiration and non-renewal of their contracts.).

16.     Henderson's contract was a form contract conforming to New Mexico law that provided in pertinent part, "This contract and parties hereto are and shall continue to be subject to applicable laws of the State of New Mexico and the rules and regulations of the Public Education Department as they exist."  **Exhibit 1** at ¶ 3.  The contract also explicitly specified the beginning and ending dates of his employment, his approved salary, method of payment, causes for termination, and other terms and conditions of employment.  *See* N.M. Stat. Ann § 22-10A-21 (2003).

17.     Plaintiff's personnel policies, at G-2150, conformed to New Mexico law and specifically stated that a person employed pursuant to an administrator contract does not have "a

legitimate objective expectancy of reemployment, and no contract entered into pursuant to this section shall be construed as an implied promise of continued employment."  A copy of G-2150 of Plaintiff's personnel policies is attached as **Exhibit 2**.

18.     Plaintiff's Superintendent decides before the beginning of each school year whether to renew an employee's contact under N.M. Stat. Ann. § 22-5-14(B)(3) (2003).  On or about March 30, 2009, Plaintiff notified Henderson that his contract would not be renewed for the 2009-10 school year.  A copy of the Notice of Termination is attached as **Exhibit 3**.  Henderson advised Plaintiff that he intended to submit a letter of resignation, which he did in fact submit.  A copy of the letter is attached as **Exhibit 4**.  Plaintiff rescinded the Notice of Termination, which is attached as **Exhibit 5**.  Henderson requested that he be allowed to work through May 1, 2009, and then be placed on administrative leave with pay through June 30, 2009.  Plaintiff granted Henderson's request.

19.     Despite having affirmatively resigned his employment, Henderson filed a charge with the ONLR claiming Plaintiff had violated the Navajo Preference in Employment Act ("NPEA").  A copy of Henderson's Individual Charge is attached as **Exhibit 6**.  The ONLR noted that Henderson's Charge "was not filed within the time limit prescribed by Section 10.)B.)(6.) of the [NPEA]."  **Exhibit 6**.  Henderson then filed a Complaint with the NNLC on or about September 10, 2010.

20.     On October 18, 2010, Plaintiff moved to dismiss Henderson's Complaint with the NNLC on the grounds that: "A) the Navajo Nation does not have jurisdiction over actions taken by [Plaintiff] in its governmental capacity; B) [Henderson's] Individual Charge was not filed within the time limits prescribed by [the NPEA]; and C) [Plaintiff] took no adverse action

against Henderson." *See* Motion to Dismiss, *Henry Henderson v. Gallup McKinley County Schools*, No. NNLC 2010-068, a copy of which is attached as **Exhibit 7**.

21.     On June 23, 2011, the NNLC issued its Order of Dismissal granting Plaintiff's Motion to Dismiss "on the ground that [Henderson] affirmatively resigned his employment and Henderson fulfilled its contractual obligation up to the end of the contract term."  Order of Dismissal, *Henry Henderson v. Gallup McKinley County Schools*, No. NNLC 2010-068, a copy of which is attached as **Exhibit 8** at 3.  The Commission did not, however, address Plaintiff's argument that it did not have jurisdiction over Plaintiff in the first instance.  **Exhibit 8** at 1.

22.     On July 11, 2011, Henderson appealed the NNLC's Order of Dismissal to the NNSC.  He argued that the NNLC had misunderstood his claim, which was not one of adverse action but rather of unlawful intimidation and harassment.

23.     On December 2, 2011, Plaintiff filed its answer brief arguing that the NNLC correctly found there was no adverse or disciplinary action taken against Henderson and that Henderson had voluntarily resigned.  Plaintiff also argued that Henderson's ONLR Charge was not timely filed and that the Navajo Nation lacks jurisdiction over acts taken by Plaintiff in its governmental capacity.  **Exhibit 9** at 7 through 11.

24.     On June 12, 2014, the NNSC heard oral argument from Plaintiff and Henderson.  At oral argument, Plaintiff reasserted its position that the Navajo Nation lacked jurisdiction over the action and over Plaintiff.

25.     On May 18, 2015, the NNSC issued a Memorandum Decision identifying the issues on appeal as follows:

(1)     whether the Navajo Nation has jurisdiction over GMCS, a New Mexico state school district operating a public school within the exterior boundaries of the Navajo Nation;

(2)     whether the Navajo Nation Labor Commission (NNLC) erred in dismissing Appellant's case, finding that Appellant's administrator contract expired on its own terms after GMCS fulfilled their contractual obligations and

(3)     whether NNLC erred in refusing to consider the Appellant's claim of "harassment" under 15 N.N.C. § 604(B)(9).

*Memorandum Opinion*, a copy of which is attached as **Exhibit 10** at 2.

26.     The NNSC held that "the Navajo Nation has jurisdiction over state school districts

located within the Navajo Nation" and that:

> GMCS made a general appearance before the lower tribunal. GMCS answered the complaint, filed motions and otherwise participated in the proceedings before the NNLC and the Supreme Court. Appellee's pleadings combined with its conduct constitutes a general appearance whereby GMCS submitted itself to the jurisdiction of this Court without objection.   In so doing, Appellee waived personal jurisdiction.

*See* **Exhibit 10** at 2 (citation omitted).

27.     The NNSC further held:

> Furthermore, this Court has previously held that the NNLC has subject matter jurisdiction where the Navajo Preference in Employment Act (NPEA) was challenged by non-Navajo employers, both private and public, in attempts to prohibit the Commission from enforcing the NPEA against them. This Court has rejected these challenges and does so in the case at hand.
>
> Existing precedent has long established that the NNLC may apply the NPEA to Appellee based upon the Treaty of 1868 which recognizes the Nation's authority to exclude and therefore regulate non-Indian entities on trust land. *Dale Nicholson Trust v. Chavez,* 8 Nav. R. 417 (Nav. Sup. Ct. 2004). "Under its Treaty authority, the Nation does not have to fulfill the *Montana* test. This authority includes state officials; there is no exemption because the officials are acting under state law. Under these principles, school districts organized under state law are subject to the NPEA when they operate on trust lands within the Nation." *Cedar Unified Sch. Dist. v. NNLC and Red Mesa Sch. Dist. v. NNLC,* Nos. SC-CV-53-06 and SC-CV-54-06, slip op. at 5-6 (Nav. Sup. Ct. November 21, 2007) (internal citations omitted). This Court has considered Appellee's arguments and determined that Appellee has not presented any reason to overrule this Court's previous opinions. *Id.* This Court affirms that it has personal jurisdiction over GMCS and subject matter over this matter based upon its previous rulings."

**Exhibit 10** at 3.

28.     Having "established both personal and subject matter jurisdiction over the parties and the proceeding", the NNSC determined that Henderson's Individual Charge was not timely filed and that the NNLC therefore lacked jurisdiction to hear it.   The NNSC thus affirmed dismissal of Henderson's claim on those grounds.  *Id*. at 4-5.

29.     The final judgment of the NNSC was entered on June 15, 2015.  *See* Notice of Judgment attached at **Exhibit 11**.

## COUNT I:  DECLARATORY JUDGMENT

30.     Paragraphs 1 through 29 are incorporated by reference.

31.     Plaintiff and the Navajo Nation are "interested parties" within the meaning of 28 U.S.C. § 2201.  Plaintiff seeks a declaration of its rights and its legal relationship concerning whether it is subject to the purported jurisdiction of the Navajo Nation as held by the NNSC.

32.     There is an actual controversy within the jurisdiction of this Court because declaratory relief will effectively adjudicate the rights of the parties.

33.     Specifically, Plaintiff seeks a declaration that:

a.      The Navajo Nation's courts and agencies, by and through the Defendants, are prohibited from asserting jurisdiction over Plaintiff in either the ONLR, the NNLC, the NNSC, and any other court or agency of the Navajo Nation;

b.      The Defendant members of the NNLC and the NNSC have exceeded their jurisdiction and the jurisdiction of the Navajo Nation in purporting to adjudicate Henderson's claims against Plaintiff;

c.      The Defendant members of the ONLR, the NNLC, the NNSC, and any other court or agency of the Navajo Nation are prohibited from adjudicating any claims by public school employees against Plaintiff;

d.      The judgments, orders, decisions, decrees and holdings of the NNLC and the NNSC asserting jurisdiction over Plaintiff and Henderson's claims violate Plaintiff's rights, privileges, and immunities guaranteed Plaintiff by the Constitution, treaties, and laws of the United States and the State of New Mexico;

e.      The judgments, orders, decisions, decrees and holdings of the NNLC and the NNSC asserting jurisdiction over Plaintiff and Henderson's claims against Plaintiff are null, void, and of no force and effect.

## COUNT II:  INJUNCTION

34.     A preliminary and a permanent injunction are necessary to prevent Defendants from continuing to adjudicate employment claims brought against Plaintiff without jurisdiction over the subject matter or over Plaintiff.

35.     Defendants' continued assertion of jurisdiction and of authority over Plaintiff will cause Plaintiff irreparable injury.

36.     There is likelihood that Plaintiff will be successful on the merits.

37.     The balance of equities tips in the favor of Plaintiff, and the injunctions would in the public interest of the citizens of the State of New Mexico.

38.     Plaintiff has no adequate remedy at law and therefore must seek injunctive relief.


WHEREFORE, Plaintiff requests that this Court grant judgment as follows:

1.     For a declaratory judgment stating that:

a.      Defendant members of the NNLC and the NNSC have exceeded their jurisdiction and the jurisdiction of the Navajo Nation is attempting to adjudicate Henderson's claims against Plaintiff;

b.       Defendant members of the ONLR, the NNLC, the NNSC, and all other agencies and courts of the Navajo Nation are prohibited from adjudicating any employment claims against Plaintiff;

c.       Any attempt by Defendant members of the ONLR, the NNLC, the NNSC, and all other agencies and courts of the Navajo Nation would violate Plaintiff's rights, privileges, and immunities guaranteed it under the Constitution, treaties, and laws of the United States and the State of New Mexico.

2.       For a preliminary and permanent injunction enjoining Defendants from asserting jurisdiction over employment claims against Plaintiff

3.       For Plaintiff's costs incurred in this matter; and

4.       For such other and further relief consistent with the above which the Court deems just and proper under the circumstances.

Respectfully submitted,
CUDDY & MCCARTHY, LLP


By:   /s/ Andrew M. Sanchez
      ANDREW M. SANCHEZ
      7770 Jefferson Street N.E., Suite 102
      Albuquerque, New Mexico  87109-5912
      (505) 888-1335
      (505) 888-1369 (facsimile)
      asanchez@cuddymccarthy.com

      ATTORNEYS FOR BOARD OF EDUCATION FOR
      THE GALLUP-MCKINLEY COUNTY SCHOOLS