*Ethel Billie Branch, Attorney General*
*The Navajo Nation*

*Paul Spruhan, Assistant Attorney General*
*NAVAJO NATION DEPT. OF JUSTICE*
*Post Office Box 2010*
*Window Rock, Arizona   86515-2010*
*Telephone:  (928) 871-6937*
*Email: pspruhan@nndoj.org*

*Attorneys for Navajo Nation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| BOARD OF EDUCATION FOR THE GALLUP-MCKINLEY COUNTY SCHOOLS,<br><br>                 Plaintiff,<br><br>v.<br><br><br>HENRY HENDERSON, et al.,<br><br>                 Defendants. | No. 1:15-cv-00604-KG-WPL |

**MOTION TO DISMISS FOR**
**LACK OF SUBJECT MATTER JURISDICTION**

Defendants Eleanor Shirley, Richie Nez, Casey Watchmen, Ben Smith, Blaine Wilson, Eugene Kirk, Reynold Lee, and Former Members of the Navajo Nation Supreme Court, the Navajo Nation Labor Commission, and the Office of Navajo Labor Relations, collectively the "Navajo Nation Defendants," file this motion to dismiss for lack of subject matter jurisdiction

1

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]  The Court lacks jurisdiction because Plaintiff, Board of Education for the Gallup-McKinley County Schools (School Board), does not have standing.  Specifically, the School Board has no current or imminent injury, as Henry Henderson's employment case was dismissed by the Navajo Nation Supreme Court prior to the filing of the Complaint, and the School Board fails to allege any other current or impending case against it in the Navajo court system.  The School Board therefore does not have an "injury in fact," as required to have standing.

### FACTS

The Navajo Nation Defendants make a facial attack on the School Board's Complaint. *See U.S. v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).  The facts in the Complaint are taken to be true for purposes of the motion.  *Id.*  Based on the facts as pled, the Complaint fails to establish this Court's subject matter jurisdiction.

### ARGUMENT

#### I. THE SCHOOL BOARD LACKS STANDING TO BRING THE CASE.

For a federal court to have subject matter jurisdiction, the plaintiff seeking relief must have standing.  Standing is one element of the "case or controversy" limitation on federal judicial authority arising from Article III of the United States Constitution.  *Arizona State Legislature v. Arizona Independent Redistricting Comm'n*, 135 S.Ct. 2562, 2663 (2015).  The "irreducible constitutional minimum" for standing requires (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as

---

[1] Pursuant to Local Rule 7.1(a) counsel for Navajo Nation Defendants contacted Plaintiff's counsel to seek the School Board's position on the motion.  The School Board opposes the motion.

opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The plaintiff invoking federal jurisdiction has the burden to establish these elements. *Steel Co. v. Citizens for a Better Environment*, 528 U.S. 83, 103-04 (1998). Further, whether the plaintiff has standing in no way depends on the merits of the plaintiff's claim that the defendant's conduct is illegal. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 n.10 (10th Cir. 2004).

### A. The School Board's Complaint fails to establish an "injury in fact."

Whether there is an "injury in fact" is determined by the facts of the case at the time the complaint was filed. *Tandy*, 380 F.3d at 1284. It also depends on whether a plaintiff seeks prospective or retroactive relief. *Id.* at 1283. To seek declaratory or injunctive relief, as the School Board does here, Complaint, ¶¶ 30-38, the plaintiff "must be suffering a continuing injury or be under a real and immediate threat of being injured in the future." *Id*. While alleged past wrongs are evidence whether there is a real or immediate threat of repeated injury, "the threatened injury must be certainly impending and not merely speculative." *Id.* Past exposure to allegedly illegal conduct "does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *Steel Co.*, 523 U.S. at 109. Therefore, allegations of future injury must be "particular and concrete." *Id.*

Based on the School Board's own allegations in its Complaint, there is no "injury in fact." In this case, the School Board asserts its right to declaratory and injunctive relief because of the Navajo Nation Defendants' *past* consideration of an employment action brought by Henry Henderson that was ultimately dismissed for lack of jurisdiction. Complaint at ¶ 1 ("This is an action for declaratory judgment and injunctive relief involving an employment

3

matter between Plaintiff and its former employee Henry Henderson[.]").  As stated in the Complaint, the Navajo Nation Labor Commission heard Henderson's claim under the Navajo Preference in Employment Act, but dismissed it on the merits, concluding the non-renewal of his contract was not adverse action under the Act.  *Id.*, ¶ 23; *Henderson v. Gallup McKinley Schools*, No. NNLC 2010-068, Complaint Exhibit 8, at 3.  Henderson appealed the dismissal.  Complaint, ¶ 22.  The Navajo Nation Supreme Court upheld the Labor Commission's dismissal of Henderson's claims, but on the grounds that there was no subject matter jurisdiction to hear the claim at all because Henderson filed too late under the Act.  *Id.*, ¶ 28; Opinion, Complaint Exhibit 10.  Based on the lack of jurisdiction, the Supreme Court issued a judgment closing Henderson's case.  *Id.*, ¶ 29; Judgment, Complaint Exhibit 11.  There is then no continuing jurisdiction over Henderson's claim, and Henderson cannot file any new pleading to revive his case.

      Despite the judgment, the School Board alleges in its Complaint that the Navajo Nation Defendants continue to assert jurisdiction over Henderson's claims.  *Id.*, ¶ 2 ("The case before the [Navajo Nation Supreme Court] which the Navajo Nation *asserts* authority and jurisdiction over Plaintiff is titled *Henry Henderson v. Gallup-McKinley County Schools*[.]").  After the judgment, however, there is no possibility that the Navajo Nation Defendants will assert future jurisdiction over Henderson's case.  As there is no pending case concerning Henderson, and no ability for Henderson to file a future one, there is simply no current or imminent injury to the School Board to give it standing.  There is no need for a declaratory judgment or an injunction, as the Nation itself has concluded there is no jurisdiction to adjudicate Henderson's claims.  There is then no "continuing injury or . . . a real and immediate threat of being injured in the future."  *Tandy*, 380 F.3d at 1283.

4

Despite the lack of an immediate threat of an actual claim filed in the Nation's courts, the School Board is nonetheless attempting to challenge the Nation's jurisdiction for future, hypothetical cases.  *See* Complaint, ¶¶ 33-34 (requesting general declaratory and prospective injunctive relief from Navajo Nation jurisdiction over employment claims against School Board).  It is trying to litigate a purely theoretical question instead of an actual case or controversy, which this Court cannot hear.  The School Board alleges no other pending case against it in the Navajo Nation legal system, or any imminent possibility of such a case being filed.  In the absence of such allegations, the School Board fails to provide any support for a "particular and concrete" injury by the Navajo Nation Defendants.  As Henderson's case is over, and as there is not even a suggestion in the Complaint of any other claims or threat of future claims, there is no "certainly impending" injury, but merely a "speculative" one insufficient to justify standing.

II.   **AS THE DOCTRINE OF STANDING, NOT MOOTNESS, APPLIES, THE EXCEPTIONS TO MOOTNESS DO NOT ESTABLISH JURISDICTION OVER THIS CASE.**

As the issue of the Nation's jurisdiction over Henderson's case was resolved before the School Board filed its Complaint, the doctrine of standing, instead of mootness, applies. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190-91 (2000) (discussing difference between standing and mootness). The doctrine of mootness only applies when the issue becomes moot after a complaint is filed. *Id.*  The exceptions to mootness, including that the issue is "capable of repetition yet evading review," therefore do not apply here.  *Steel Co.*, 523 U.S. at 109 (voluntary cessation exception to mootness inapplicable when issue was moot before filing of complaint); *Renne v. Geary*, 501 U.S. 312, 320 (1991) (same for exception for issues capable of repetition yet evading review). That the

5

Nation could theoretically hear another case in the future against the School Board, if an employee files one consistent with Navajo Nation law, cannot establish this Court's jurisdiction to hear this purely hypothetical issue now. It is a matter to be decided when and if such a claim is filed. Indeed, the jurisdictional facts relevant to a future theoretical case may be entirely different, or the Navajo Nation Supreme Court could review the issue again and render a different ruling in light of developments in Navajo Nation or federal law. Regardless, until that happens, the School Board has no injury in fact, and this Court has no jurisdiction to hear its case.

## CONCLUSION

Based on the above, the Court lacks subject matter jurisdiction over this case due to the School Board's lack of standing, and the matter must be dismissed.

**RESPECTFULLY SUBMITTED** this 18th day of August, 2015.

By: /s/ Paul Spruhan
Ethel Billie Branch, Attorney General
Paul Spruhan, Assistant Attorney General
Navajo Nation Department of Justice
Post Office Box 2010
Window Rock, Arizona 86515-2010
Tele: (928) 871-6937
pspruhan@nndoj.org

6

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of New Mexico using the CM/ECF system on August 18, 2015, with the following receiving notice by electronic mail and/or U.S.P.S. 1st class mail:

>Andrew M. Sanchez
>ANDREW M. SANCHEZ
>7770 Jefferson Street N.E., Suite 102
>Albuquerque, New Mexico 87109-5912
>asanchez@cuddymccarthy.com
>
>Henry Henderson
>Post Office Box 2854
>Fort Defiance, Arizona 86504

                                      /s/ Paul Spruhan