*Ethel Billie Branch, Attorney General*
*The Navajo Nation*

*Paul Spruhan, Assistant Attorney General*
*NAVAJO NATION DEPT. OF JUSTICE*
*Post Office Box 2010*
*Window Rock, Arizona   86515-2010*
*Telephone:  (928) 871-6937*
*Email: pspruhan@nndoj.org*

*Attorneys for Navajo Nation*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BOARD OF EDUCATION FOR THE GALLUP-MCKINLEY COUNTY SCHOOLS,<br><br>Plaintiff,<br><br>v.<br><br>HENRY HENDERSON, et al.,<br><br>Defendants. | No. 1:15-cv-00604-KG-WPL |

### REPLY TO RESPONSE TO MOTION TO DISMISS

The Navajo Nation Defendants file their reply to the Response in Opposition to the Navajo Nation Defendants' Motion to Dismiss filed by the Board of Education for the Gallup-McKinley Schools (School Board).

**I.     MOOTNESS AND REDRESSIBILITY ARE NOT ACTUAL ISSUES RAISED IN DEFENDANTS' MOTION TO DISMISS.**

The School Board uses the bulk of its Response to discuss issues irrelevant to Defendants' Motion to Dismiss.

1

Mootness is not an issue here, because the Navajo Supreme Court dismissed the Henderson case before the School Board filed its Complaint. As discussed in the Motion to Dismiss, standing applies in this situation. *See* Motion to Dismiss, at 5-6. Mootness only applies if the Henderson case was dismissed while the School Board's federal complaint was pending. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190-91 (2000). That is not the case here, and therefore the School Board's discussion of mootness has no bearing on the issues in this case.

The School Board's discussion of the redressability prong of the standing test is equally irrelevant. Defendants do not contest that part of the standing test, but argue there is no injury in fact. *Id.* at 3-5. If there is an injury in fact, the relief the School Board seeks will redress that injury.[1]

## II.     THE SCHOOL BOARD HAS NOT SHOWN AN "INJURY IN FACT."

Concerning the only actual issue raised in the Motion to Dismiss, the School Board offers nothing to support a current or imminent injury. Indeed, its Response confirms it is seeking a broad declaratory judgment and injunction for theoretical, future cases not yet filed by any employee in the Navajo legal system. *See* Response, at 9-10.[2] That is wholly insufficient

---

[1] As part of its redressability discussion, the School Board improperly attempts to argue the merits of the jurisdictional issues by citing other prior cases involving the Nation and its employment regulation. *See* Response, at 8-9. The School Board even suggests Defendants "concede" that there was an injury while the Henderson case was actually pending. *Id.* at 7. The merits of the underlying dispute are in no way relevant to whether the School Board has an injury in fact. *Tandy v. City of Wichita*, 380 F.3d 1277, 1283, n.10 (10th Cir. 2004). As the merits are irrelevant, Defendants in no way concede anything concerning the merits of the School Board's claims.

[2] In requesting this relief, the School Board mischaracterizes relief granted by the District of Arizona in two cases concerning Arizona public schools districts. The School Board suggests the District of Arizona granted board injunctions against all attempted assertions of jurisdiction by the Navajo Nation against Arizona public schools. Response, at 10. That is false.

to justify an injury in fact. That the Office of Navajo Labor Relations and the Navajo Labor Commission might attempt to hear some future complaint against the School Board does not require this Court to hear its case now. Again, as discussed in the Motion to Dismiss, that future case may involve different jurisdictional facts, or federal or Navajo law may change significantly to alter the views of the Navajo Supreme Court. Until those events happen, however, the mere speculative possibility that the School Board could be subject to Navajo jurisdiction in the future cannot give them standing today.[3]

---

Consistent with the fact that the Nation was asserting continued jurisdiction over those cases, the court issued injunctions against hearing those specific cases brought by the specific employees. *See Window Rock Unified School Dist. v. Reeves*, 2013 WL 1149706, at *8 (D. Ariz. March 19, 2013); *Red Mesa Unified School Dist., et al., v. Yellowhair*, *et al.*, 2010 WL 3855183, at *5 (D. Ariz. September 28, 2010). Further, the *Reeves* case is currently pending on appeal in the Ninth Circuit, with oral argument scheduled for September 17, 2015. Regardless, unlike this case, those school districts had an alleged continuing injury based on the ongoing assertion of the Nation's jurisdiction.

[3] That the School Board was allegedly exhausting its tribal court remedies before filing its Complaint in federal court also does not change that it lacks an injury in fact. Had the Navajo Supreme Court not dismissed for lack of jurisdiction and continued to assert jurisdiction in the Henderson case, the School Board would have been able to attack the Nation's jurisdiction after exhaustion of its tribal court remedies. That is because it would have been subject to the Nation's continuing authority. However, once the Navajo Supreme Court dismissed the action, there is simply no continuing authority, and therefore no injury in fact.

RESPECTFULLY SUBMITTED this 10th day of September, 2015.

                                      By:    /s/ Paul Spruhan  
                                              Ethel Billie Branch, Attorney General  
                                              Paul Spruhan, Assistant Attorney General  
                                              Navajo Nation Department of Justice  
                                              Post Office Box 2010  
                                              Window Rock, Arizona 86515-2010  
                                              Tele: (928) 871-6937  
                                              pspruhan@nndoj.org

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of New Mexico using the CM/ECF system on September 10, 2015. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                        /s/ Paul Spruhan